## THE WORKINGMEN'S BANKING COMPANY

*v.*

## HENRIETTA RAUTENBERG, Admx.

*Filed at Mt. Vernon, June 21, 1882.*

1. CONTRACT—*legality—indebtedness of director of a bank in excess of limit in charter—guaranty.* Where a bank charter contains a clause that no director of the corporation shall be indebted to it, either directly or indirectly, at any time, to an amount greater than seventy-five per cent of the capital stock held by him in good faith as his own, and a director has become indebted to the bank in excess of such sum, a note given by him to the bank for a further sum will be illegal and void, and any guaranty of a third person of its payment, being in aid and furtherance of such illegal contract, will be equally void, and no recovery can be had upon such guaranty, although the guarantor is not a director.

2. SAME—*courts will not assist either party to an illegal contract.* The rule is well settled in this State that the court will not assist either party to an illegal transaction in any respect, but will leave them in the position they have voluntarily and knowingly placed themselves. In such case the maxim "*ex turpi causa non oritur actio,*" applies.

APPEAL from the Appellate Court for the Fourth District; —heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. HAY & KNISPEL, for the appellant:

A prohibition in a bank charter forbidding a loan to be made to an officer or director of a bank, does not render the contract whereby such loan is made, null and void. Such prohibitory clauses are regarded as directory merely. The breach of such a provision may subject the corporation to penalties at the process of the State authorities, but it does not avoid the contract which it affects. Morse on Banks and Banking, (2d ed.) pp. 16, 117; Angell & Ames on Corporations, sec. 264; Morawetz on Private Corporations, sec. 464; *Parish* v. *Wheeler*, 22 N. Y. 494; *Smith* v. *Bank of the State,*

18 Ind. 327; *Bradley* v. *Bank of the State*, 20 id. 528; *Bank of Middlebury* v. *Bingham*, 33 Vt. 621; *Planters' Bank* v. *Sharp*, 4 Sm. & Mar. 75; *Shoemaker* v. *Nat. Mechanics' Bank*, 2 Abb. (N. Y.) 416; *Elder* v. *First Nat. Bank of Ottawa*, 12 Kan. 238; *Richmond Bank* v. *Robinson*, 42 Maine, 589; *Bond* v. *Central Bank*, 2 Ga. 203; *Bates* v. *Bank of Alabama*, 2 Ala. 460; *Jack* v. *People*, 19 Ill. 57; *O'Hare* v. *Nat. Bank of Titusville*, 77 Pa. 96; *Union Nat. Bank* v. *Gold Mining Co.* 1 Col. 531; *Gold Mining Co.* v. *Nat. Bank*, 96 U. S. 640; *Allen* v. *Freedman's Savings Society*, 17 Fla; *Littlewort* v. *Davis*, 50 Miss. 408; *Hughes* v. *Bank of Somerset,* 5 Lit. (Ky.) 46; *G. R. Bank* v. *Archer*, 8 Sm. & Mar. 151.

For construction of similar provision in National Banking law, see *Stephens* v. *Monongahely Nat. Bank*, 88 Pa. 157; *Union Gold Mining Co.* v. *Rocky Mountain Nat. Bank*, 96 U. S. 640; *Harris* v. *Runnels*, 12 How. 79.

No part of the consideration was illegal, in the sense of the maxim *ex turpi causa non oritur actio.* *First Nat. Bank of Columbus* v. *Garlinghouse*, 22 Ohio St. 502; *.Bissell* v. *Michigan Southern and Northern Indiana R. R. Co.* 22 N. Y. 259; *Parish* v. *Wheeler*, id. 494.

The defendant can not be permitted to repudiate a contract the fruits of which he retains. Sedgwick on Statutory and Constitutional Law, 90; *Pratt* v. *Short*, 53 How. 506; *Township of Pine Grove* v. *Talcott*, 19 Wall. 666; *Steam Navigation Co.* v. *Weed*, 17 Barb. 378; *Chester Glass Co.* v. *Dewey,* 16 Mass. 91; *City of Baltimore* v. *Reynolds*, 20 Md. 1.

The restriction imposed by the statute is a simple inhibition. It does not declare that what was done should be void, nor was any penalty prescribed. The contract is valid as to defendant, and he has no right to raise the question of its invalidity. *Whitney* v. *Wyman*, 101 U. S. 397.

There is no privity between the makers and guarantors of a note, or between co-guarantors; and the undertaking is as to a guarantor an original, independent undertaking, and he

will be independently liable. *Ritch* v. *Hathaway*, 18 Ill. 548; *Gage* v. *Mechanics' Bank*, 79 id. 62; 1 Parsons on Notes and Bills, 224.

Mr. R. A. Halbert, and Mr. C. F. Noetling, for the appellee:

It is the essence of a contract of guaranty that there should be some one else liable as principal. 1 Chitty on Contracts, (11th ed.) p. 738.

If a loan to a director, in excess of the charter limit, is null and void by reason of its being against the statute or against public policy, it necessarily follows that anything done in aid and furtherance of such illegal or immoral contract is also null and void. So the guaranty falls with the original contract. *Nash* v. *Bonheimer*, 20 Ill. 250; *Neustadt* v. *Hall*, 58 id. 172; *Tobey* v. *Robinson*, 99 id. 222; *Harris* v. *Hatfield*, 71 id. 298; *Arter* v. *Byington*, 44 id. 468; *Tenny* v. *Foote*, 95 id. 99; *Bowman* v. *Cunningham*, 78 id. 48.

Mr. Chief Justice Scott delivered the opinion of the Court:

The claim which the Workingmen's Banking Company seek to have established against the estate of Charles Rautenberg, deceased, is based on a note made by A. B. Pope, dated February 8, 1876, and is payable to the order of the Workingmen's Banking Company, nine months after date, for the sum of $2000, with interest after maturity at ten per cent per annum. Payment of the note is guaranteed by A. B. Pope and by the intestate. No proceedings seem to have been had against A. B. Pope, either as maker or guarantor of the note. So far as this record discloses, the only effort to enforce payment of the note is this proceeding against the estate of the deceased guarantor, and which was commenced in the usual way in the county court where his estate is being administered. In all the courts in which the case was

tried the finding was in favor of the estate, and the case comes to this court on the appeal of the banking company from the Appellate Court for the Fourth District, where the judgment of the circuit court was affirmed.

Proof of the execution of the note and guaranty being waived, claimant gave the note, with the guaranty of the intestate and maker written on the back, in evidence, and rested its case. The administratrix, defending for the estate, then gave in evidence a section of the charter of the bank, as follows: "No director of said corporation shall be indebted to said corporation, either directly or indirectly, at any time, to an amount greater than seventy-five per centum of the amount of the capital stock held by such director in good faith as his own." It was proved by the cashier of the bank, that at the time of making the loan, and of the execution of the note and guaranty to secure the same, A. B. Pope, to whom the money was loaned, was a director and stockholder in the bank, and so continued until after the note became due, and was at the time, and so continued to be, indebted to the bank in a sum, exclusive of that mentioned in the note guaranteed by the intestate, in excess of seventy-five per centum of the capital stock held by the maker. The circuit court found for the estate, on the ground the lending of the money to Pope, and taking his note therefor, was prohibited by statute, and hence illegal, and as the guaranty was in aid and furtherance of such illegal contract, no recovery could be had on it against the estate of the guarantor. That finding is warranted both by the law and the evidence.

It is clear the loan made to Pope by the bank was prohibited by the provisions of its charter, and was made in open violation of the limitations on its powers, and whatever may be the decisions elsewhere, no recovery can be had on the note in this State. The case of *Penn* v. *Bornman*, 102 Ill. 523, in this respect is an analogous case, and is conclusive as to this point in this case.

But another consideration is pressed on the attention of the court. It is, conceding the section of the charter cited can be interposed as a defence to the note, it is a privilege personal to the maker, and is a defence that can not be availed of by the guarantor, with whom the law did not forbid the bank to contract. No principle is suggested upon which the position taken can be maintained. The bank, which is the claimant here, was a party to an illegal contract understandingly entered into. It was not lawful to loan the money to the maker of the note, who was a director of the corporation, and who was already owing the bank a sum in excess of the amount it was lawful for him to become indebted to it. The bank will not be permitted to do indirectly that which it is unlawful for it to do directly. The inhibition of its charter in this respect is absolute and positive. Should the bank be allowed to enforce payment of the note against the guarantor, who was not one of its directors nor the owner of any of its stock, it would be to the advantage of the party most guilty, and the only party innocent in the illegal transaction would be made to suffer. The law will sanction no such wrong. The rule is well settled, at least in this State, the court will not assist either party to an illegal transaction in any respect, but will leave them where they have chosen to place themselves. Here, claimant participated in a transaction forbidden by statute, with the expectation to make gain, and it will not be listened to when it asks the aid of a court to assert rights growing out of such transaction as if it were a legal contract. It is a case where the familiar maxim of the law "*ex turpi causa non oritur actio*," has its appropriate application. *Arter* v. *Byington*, 44 Ill. 468; *Neustadt* v. *Hall*, 58 id. 172; *Harris* v. *Hatfield*, 71 id. 298.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE DICKEY, dissenting:

I did not concur in the ruling adopted by this court in *Penn* v. *Bornman,* 102 Ill. 523, and I now think it ought to be overruled. Conceding, however, the doctrine taught by that decision, it simply shows that the promise of Pope to repay the $2000 contained in the note made by Pope to the bank, was void, and that the promise made by Pope that the money should be paid in accordance with the terms of that note, contained in his guaranty on the back of the note, was also void. The case goes no further.

The prohibition in the statute is, that "no director of said corporation shall be *indebted* to said corporation * * * to an amount greater than seventy-five per cent of the amount of the capital stock held by such director in good faith as his own." This does not forbid the loaning of money to such a director upon the promise of some other party that it shall be repaid. The statute did not prohibit the bank from lending to Pope, its director, any sum of money upon the credit of Charles Rautenberg. There is no prohibition in the statute against Rautenberg becoming indebted to the bank. Assuming the promissory note made by Pope to be inoperative and void, yet when Charles Rautenberg indorsed upon the back of it his promise that the money mentioned in the note should be repaid, he did the same thing, in substance, as if he had simply executed his own promissory note for that amount to the bank. He rested under no disability. The law did not prevent him from becoming indebted to the bank, hence the loaning of the money upon the credit of Rautenberg was not in violation of the statute. His contract was not an illegal contract. There was no law forbidding Pope to pay the money mentioned in that note, and hence the contract of Rautenberg that Pope would pay it, was not forbidden by the statute.

There are cases, no doubt, wherein the contract of a guarantor is regarded as collateral, and dependent upon the original contract upon which the guaranty is made. In cases where it is inequitable and unjust that the principal in a note should pay the amount, (as, for instance, where the note was procured from him by fraud, and without consideration,) the guarantor of such a note may be relieved by reason of such defence, which might have been set up by the maker of the note. The contract of a guarantor, however, is not *always* collateral and dependent. It is often treated as an original promise. The note of a married woman, at common law, was absolutely void, but the guarantor of such a note was liable upon his guaranty. A forged note is absolutely void, but the guarantor of a forged note is held upon his guaranty, as upon an original promise.

By the decision in the case of *Penn* v. *Bornman*, the bank has no claim against Pope for this loaned money, and by this decision the claim of the bank against Rautenberg is taken away.

We read in the scriptures, that "from him that hath not shall be taken away even that which he hath." Expounders of scripture, I believe, are not entirely in harmony as to the lesson taught in this text; but I feel sure it can not, *taken literally*, be adopted safely by secular courts in administering the law between man and man in relation to their ordinary business transactions.

Mr. JUSTICE CRAIG also dissenting.