CHARLES THIMMING ET AL.

v.

HENRY MILLER.

</div>

1. ILLEGAL CONTRACT, CAN NOT RECOVER ON.—An action brought upon an alleged promise which was clearly in violation of the Bankrupt Act, and therefore void. *Held*, that a court will render no assistance to either party to an illegal transaction, but will leave them in the position they have voluntarily assumed.

2. PRACTICE.—While some defects are cured by verdict, where the declaration as well as the whole record show there is no cause of action, the point may be made by motion in arrest or upon error.

APPEAL from the Circuit Court of Perry county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed October 10, 1883.

The appellee, Miller, and the appellants, Henry Thimming and Charles Thimming, upon an alleged promise that if the plaintiff would sign a written agreement consenting to the discharge of said Charles Thimming in bankrupcy without requiring the bankrupt's assets to be thirty per cent. of the claims proved against his estate the defendants would pay plaintiff a sum of money equal to thirty per centum upon all the claims allowed against the estate of said Charles who had been declared a bankrupt in the District Court of the United States, plaintiff being one of the creditors.

It was averred that plaintiff signed said written agreement, and delivered the same to the defendants for the purpose and upon the consideration aforesaid; that the said Charles was accordingly discharged, etc.

The defendants filed several pleas, and upon a trial by jury there was a verdict for plaintiff, which the court refused to set aside, and judgment was entered upon the verdict.

Mr. E. V. PIERCE, Mr. T. T. FOUNTAIN and Messrs. C. F. & W. F. NOETLING, for appellants; that there can be no recovery on this contract, cited Workingmen's Banking Co. v. Rautenberg, 103 Ill. 460; Penn v. Bornman, 102 Ill. 523; Bankrupt Act, §§ 29, 35.

A verbal promise to pay the debt of another and part payment thereof is not sufficient to constitute a cause of action: Mitchels v. Ray, American Law Magazine, June, 1882; Throop's Treatise on Verbal Agreements, § 596; Mallory v. Gillett, 21 N. Y. 412.

Messrs. HAMMACK & DAVIS, for appellee; that appellants jointly made a new contract, not to pay the same old debt but for a new debt, and both are bound by such promise, cited Hill v. Trainer, Reporter, Aug. 11, 1880.

WALL, P. J. This was an action upon an alleged promise that is, in our opinion, clearly in violation of the bankrupt law, and void for that reason. Sec. 29 of that act provides that no discharge shall be granted if the assent of any creditor has been procured or the action of the creditor has been influenced by any pecuniary consideration or obligation. Section 35 of the same act provides in the plainest terms that any contract for securing the payment of money to induce any creditor to forbear opposing the discharge of a bankrupt, shall be void, and any creditor obtaining money, on such consideration shall forfeit all share in the estate and double the value so obtained, to be recovered by the assignee for the benefit of the estate.

The record before us discloses a contract forbidden by positive provision of law. *Ex turpi causa non oritur actio.* The courts will render no assistance to either party to an illegal transaction, but will leave them in the position they have

voluntarily assumed.   Penn v. Bornman, 102 Ill. 524; Banking Co. v. Rautenberg, 103 Ill. 460.

It is urged by counsel for appellee that this objection should have been made by demurrer to the declaration, and the parties having taken issue by pleading, are too late in making the objection now.   There are some defects that are said to be cured by verdict, but where the declaration as well as the whole record shows there is no cause of action, the point may be made by motion in arrest or upon error.   2 Tidd's Pr. 1135; Kipp v. Lichtenstein, 79 Ill. 358; Phillips v. Dickerson, 85 Ill. 11.

The judgment will be reversed, but as from the whole record it appears there is no right of recovery, the cause will not be remanded.

Reversed.