## WILLIAM B. FARROW

### v.

## SYLVESTER A. VEDDER.

ILLEGAL SALE.—Where a substantial part of the demand upon which a judgment was based was for the price of certain intoxicating liquors sold at retail and in violation of law, the vendor having no license therefor, *held*, that the vendor had no cause of action as to the liquors sold in violation of law.

APPEAL from the County Court of Greene county; the Hon. L. R. LAKIN, Judge, presiding. Opinion filed February 25, 1886.

Mr. JAMES R. WARD, for appellant; that the law will not furnish the plaintiff a remedy to enforce the payment of a demand which grows out of an illegal or immoral transaction, cited Nash v. Monheimer, 20 Ill. 215; Munsell v. Temple, 3 Gilm. 94; Liness v. Hesing, 44 Ill. 113; Arter v. Byington, 44 Ill. 468; Cin. Mut. H. A. Co. v. Rosenthal, 55 Ill. 91; Neustadt v. Hall, 58 Ill. 173; Henderson v. Palmer, 71 Ill. 583.

Mr. EDWIN A. DOOLITTLE, for appellee.

WALL, P. J. A substantial part of the demand upon which this judgment is based is for the price of certain intoxicating liquors sold at retail and in violation of law, the vendor having no license therefor. The trial court disregarded the defense thus suggested, and the question is whether, as to this item, the recovery can be sustained. The exact point has not, so far as we are advised, been determined in this State, but the principle involved is well settled.

The illegality of a contract is in general a perfect defense. When the law forbids a thing to be done it will not enforce a contract depending for its consideration upon the thing so forbidden. As one writer has said, "It is clear no right of

action can spring out of an illegal contract; that no action will lie upon a contract made in violation of the statute, or of a principle of the common law;" and to quote from another, " There can be no civil right where there can be no legal remedy, and there can be no legal remedy for that which is itself illegal." Penn v. Bornman, 102 Ill. 523, and authorities there cited; Workingmen's Banking Co. v. Rautenberg, 103 Ill. 460.

The precise question was so determined in Gloss v. Alt, 17 Kansas, 445; Dolson v. Hope, 7 Kansas, 161. See also Sedgwick on Stat. and Const. Law, 2 Ed. 69 and 70. Wheeler v. Russell, 17 Mass. 258.

A similar question arose in Woods v. Armstrong, 54 Ala. 150, and in a very elaborate note to this case in 25 Am. Rep. 674, will be found an interesting and valuable review of decisions in England and the United States.

We think upon principle and the great weight of authority the plaintiff had no cause of action as to the liquors sold in violation of law. The judgment will be reversed and the cause remanded.

Reversed and remanded.