PHILIP B. POTTS AND CATHARINE POTTS
v.
LESLIE G. MCPHERSON, JONATHAN MEEKER AND
SARAH SHUTE.

*Chattel Mortgage—Sale by Mortgagor, Void.*

1. A sale by the owner of personal property covered by a chattel mortgage, without notice to the vendee, is void.

2. A mortgagor of personal property can not recover from the purchaser at mortgagee's sale the difference between the price paid and price agreed upon between the parties on an attempted private sale prior to such sale, and before said purchaser knew of said mortgage.

[Opinion filed August 26, 1886.]

IN ERROR to the Circuit Court of Moultrie County; the Hon. C. B. SMITH, Judge, presiding.

Mr. W. H. SHINN, for plaintiff in error.

Messrs. EDEN & CLARK, for Mrs. Sarah Shute, defendant in error.

PLEASANTS, P. J.   On the 29th of September, 1880, Philip B. Potts and wife executed to Mrs. Sarah Shute a mortgage of their homestead to secure the payment of three notes of said Philip—one payable to R. B. McPherson and by him assigned to the defendant in error, Leslie G. McPherson; one to Jonathan Meeker, and a third for $650 to Mrs. Shute, all of even date with said mortgage and due in two years, with interest at eight per cent. per annum.

To enforce payment of the first two mentioned the original bill herein was filed by the respective holders, making the mortgagors and Mrs. Shute defendants, and the latter, after answering, filed a cross-bill setting up her right and praying relief upon the one held by her.   To the cross-bill the defendants Potts answered that said note, which was averred to have been given for an indebtedness to William Shute, the husband

of said complainant, had been fully paid by the sale to her through her husband of a stationary steam engine, and the mortgage released.

The issues having been made up. the cause was referred to the master, and on final hearing upon the pleadings and proofs reported, a decree was entered in favor of the complainants in the original and cross-bills, in the usual form, for the full amounts of the notes so held by them, respectively.

No complaint is made of the decree upon the original bill, but the mortgagors, plaintiffs in error, insist, as to the claim of Mrs. Shute, that if it was not wholly satisfied and the mortgage released, they were entitled to a considerable credit which the Circuit Court erroneously refused to allow. It appears that about the 20th of February, 1882, Philip B. Potts, who resided and was running a saw mill in Moultrie County, sold to William Shute, who resided and was erecting a tile factory at Newman in Douglas County, a steam engine, which he was to deliver on the railroad track at Newman, together with a belt belonging to it and four hundred feet of sawed lumber, and take said note in payment, and that within a few days thereafter a release of the mortgage was left by Mr. and Mrs. Shute with Mr. Rhodes, an attorney, to be delivered to Potts only when he should have completely performed the agreement on his part. Mrs. Shute was particular and emphatic on that point, and the release was never delivered to Potts.

The engine was not shipped to Newman until the 21st of April, the delay being caused by the refusal of Messrs. Roane and Low, who held a chattel mortgage upon it for something over $300, to permit the shipment until their claim should be satisfied. They afterward replevied it from Shute and made sale of it under their mortgage, at which Shute purchased it for $400; and it is the difference between this price and the amount of the note which he was to surrender to Potts, under their agreement, that plaintiffs in error claim they should have been credited by the decree upon the cross-bill herein.

We do not think this claim well founded. Although the

Potts v. McPherson. ·

evidence upon these points is somewhat conflicting, there is an abundance in the record to warrant the conclusions that Potts sold the engine to Shute without informing him, and that Shute at that time had no knowledge or information of the existence of the chattel mortgage; that though he afterward, and before he received the engine, had knowledge of the mortgage, he received it in the belief and with good reason for the belief that the mortgage debt had in the meantime been satisfied, and that Potts finally shipped it to Shute at Newman without the consent or knowledge of the chattel mortgagees.

Potts never performed either strictly or substantially his agreement with Shute. He was to give a clear title and pay the freight, but did neither. Shute received absolutely nothing of right under his purchase from Potts. He did not by that agreement undertake to redeem from the mortgage nor to pay a dollar in money to anybody for the engine, and was at full liberty to purchase independently, as he did, at the mortgage sale.

Furthermore, by the sale to Shute without informing him of the mortgage, Potts made himself liable, under Sec. 6 of Ch. 95 of the R. S., to a forfeiture to the purchaser of twice the value of the engine, and under Sec. 7, to a fine of the same amount or imprisonment in the county jail not exceeding one year, or both, at the discretion of the court. Such sale, being so prohibited, was void, and, since a contract which it is illegal to make can not support an action, the vendor could not rightfully claim the aid of a court of law or equity to recover the price or any part of it. Miller v. Post, 1 Allen, 434; Russell v. Wheeler, 17 Mass. 257; Allen v. Hanks, 13 Pick. 79; Penn v. Bourman, 102 Ill. 523; Workingmen's Banking Co. v. Rautenberg, 103 Ill. 460; Benjamin on Sales, Sec. 530; Jones on Ch. Mortg., Sec. 455; Anson on Contracts, 164.

The credit was therefore properly disallowed and the decree will be affirmed.

*Decree affirmed.*