BERT W. NEWTON, Admr., Plaintiff in Error, vs. THE
ILLINOIS OIL COMPANY, Defendant in Error.

*Opinion filed April 24, 1925.*

1. CHILD LABOR—*questions of negligence not involved in action based on violation of Child Labor act.* The right of an injured child to maintain a civil action against an employer violating the Child Labor act arises without regard to the Injuries act or the rules of common law negligence but under the Child Labor act by implication, and where an administrator seeks damages for the wrongful death of a child while illegally employed, questions as to contributory or imputed negligence do not arise.

2. SAME—*parents cannot recover for death of a child if they consented to his unlawful employment.* Where the plaintiff's unlawful conduct or violation of law contributes to his injury he can not recover damages even though the party injuring him is likewise a transgressor, as the court will not assist either party to an illegal transaction; and if parents have violated section 13 of the Child Labor act in permitting their child to be employed in an unlawful occupation, they cannot recover damages for the death of the child from an injury arising out of such employment.

3. APPEALS AND ERRORS—*when Appellate Court should remand cause.* The Appellate Court in reversing a judgment for the administrator in an action by him for wrongful death of a child employed in violation of the Child Labor act should remand the cause for a new trial, where the decision is based on the finding that the plaintiff, who was the father of the child, violated the statute in permitting the child to be employed, which finding was different from that of the trial court and was on a controverted question of fact.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Rock Island county; the Hon. NELS A. LARSON, Judge, presiding.

MARSHALL & MARSHALL, and J. CLINTON SEARLE, for plaintiff in error.

R. W. OLMSTED, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an action by plaintiff in error, as administrator of the estate of George C. Newton, deceased, against the defendant in error for negligently causing the death of the deceased. Judgment was obtained on the trial of the cause in the sum of $5575. The action was based upon alleged violation of sections 2 and 10 of the Child Labor law. (Laws of 1917, pp. 512, 517.)

Section 2 of the Child Labor law of 1917, in force at the time the deceased met his death, made it unlawful for any person, firm or corporation to hire, employ, permit or suffer to work in any manufacturing establishment, factory or workshop any child under sixteen and over fourteen years of age unless there be first procured and placed on file an employment certificate as in the act provided. Section 10 of the act prohibited the employment of any minor under sixteen years of age in any capacity in the manufacture of paint or in the operating or assisting to operate any passenger or freight elevator or other occupation therein designated. The declaration charged violation of these statutory provisions.

The evidence shows that defendant in error is engaged in the manufacture of paint and barrels, occupying a three-story factory building; that on June 1, 1920, George C. Newton, a boy fifteen years and ten months of age, was employed by defendant in error and assisted several men in unloading barrels of materials used in the manufacture of paint from a freight car and taking them by elevator to the third floor of the plant; that no employment certificate was procured or placed on file with defendant in error; that on the following morning the deceased returned to his employment, and about noon, while operating the elevator, became caught between the floor of the elevator and the gate and sustained injuries from which he died.

The defense is that the parents, who are beneficiaries in the lawsuit, were guilty of contributory negligence in per-

316—27

mitting their son to be employed in the plant of defendant in error, and that by reason of such contributory negligence they are not entitled to recover. The negligence complained of was a violation of section 13 of the Child Labor law, which provides that whoever shall have under his control a minor under the age of sixteen years and permits him to be employed in violation of the provisions of the act shall be subject to a fine. On appeal to the Appellate Court from the judgment entered on the verdict that court reversed the case without remanding and entered a finding of fact, to the effect that the father and mother of the deceased were guilty of such contributory negligence as to bar a recovery in the case.

It appears that the administrator bringing the action is the father of the deceased. His mother and two brothers are living. The mother testified that upon her son's return from the first day's work his clothing was covered with paint and his father told him he would not allow him to work there,—that he wanted him to quit that job; that the deceased told his parents that he was not going to do anything the next day but label goods; that he wanted to be permitted to finish out the week; that his father told him he wanted him to quit,—that he didn't want him to do that kind of work. The mother testified that the father expected his son to quit work at the end of the week. The father testified that he did not want the deceased to work in defendant in error's factory and told him he should not. The principal question involved in the case is whether or not the violation of section 13 of the Child Labor law by the parents of the child (Laws of 1917, p. 512,) is sufficient to defeat recovery in an action by the administrator of the estate of the deceased.

Defendant in error contends that the question of the right of parents to recover for the negligent death of their child where their negligence has contributed thereto is settled in this State by *Hazel* v. *Hoopeston-Danville Motor Bus*

*Co.* 310 Ill. 38. It was there held that an action by a husband, as administrator, to recover damages for the death of his wife in an automobile accident is barred by the negligence of the husband where it materially contributes to the accident, even though the wife herself was not negligent and there are minor children surviving. Plaintiff in error concedes this to be the rule in this State, but argues that the *Hazel case* is based on common law negligence of the husband, while in this case the negligence is the violation of a statute. The action in this case is for breach of a statute and is not one based on the common law rule as to negligence. Section 2 of the Child Labor law of this State expressly forbids an employer to employ in a factory or workshop any minor who is under the age of sixteen years unless there is first procured and placed on file the required employment certificate. Section 10 of the act prohibits the employment of any minor under sixteen years of age in any capacity in the manufacture of paint or in operating or assisting to operate a passenger or freight elevator. This act, however, gives no express right of action for injuries or death arising from its breach.

The courts of some States have held that the violation of such a statute is negligence *per se,* while others appear to treat the action as merely one for negligence, without considering whether it would be negligence under the Injuries act or the common law rule. It has been held in this State that the right of the injured child to maintain a civil action against an employer violating the Child Labor act arises without regard to the Injuries act or the rules of common law negligence but under the Child Labor statute by implication. (*Beauchamp* v. *Sturges & Burn Manf. Co.* 250 Ill. 303; *Strafford* v. *Republic Iron and Steel Co.* 238 id. 371; *American Car Co.* v. *Armentraut,* 214 id. 509.) It has also been held in cases arising under this act, where the action is brought by the child himself, that the defenses of contributory negligence and assumption of risk are not

afforded to the defendant. (*Brunnworth* v. *Kerens Coal Co.* 260 Ill. 202; *Streeter* v. *Western Scraper Co.* 254 id. 244; *Waschow* v. *Kelly Coal Co.* 245 id. 516.) This case is not one of negligence and rules governing negligence do not apply. Therefore the rule of imputed negligence of the parent laid down in the *Hazel case, supra,* does not control. *Rost* v. *Noble Co. (ante,* p. 357.)

The question, however, arises, Does the fact that the parents permitted the deceased to be employed in violation of the statute, if they did so permit him, prevent recovery by the administrator of the estate of the deceased? It is urged by plaintiff in error that it does not. In support of that contention he cites *Cervenka* v. *Adams,* 225 Ill. App. 45, wherein a writ of *certiorari* to review the judgment of the Appellate Court was denied by this court. That case was a suit brought against the owner of a certain building by the administrator of the estate of a boy of fifteen years, who, while employed in the building, fell down an elevator shaft and was killed. The action was brought under the Injuries act, the declaration alleging that the death of the deceased was due to the negligent operation of the elevator by a servant of the defendant. The suit was defended on the ground that the parents of the deceased consented to his illegal employment and so his administrator could not recover. The facts were, the deceased was a boy who had been employed without an employment certificate by a mercantile company, a tenant in the building. His employment by that company with an employment certificate would have been legal. His services had been loaned to another concern to help in moving the latter into the rooms in the defendant's building formerly occupied by the employer of the deceased, the employer having moved to other rooms in the same building. The boy, while so occupied, was killed by falling down an elevator shaft while the elevator was being operated by a servant of the defendant, who owned and controlled the building. It was in

that case held by the Appellate Court that the accident did not occur by reason of the employment of the boy without an employment certificate, as the defendant urged, but was due to the negligent operation of the elevator by the defendant's servant; that the employment to which his parents assented, though without a certificate, was such as the boy might have engaged in with the required certificate and was not connected with the cause of his death; that such employment, therefore, was not the efficient or proximate cause of the injury, and violation of the act by the parents in permitting the boy to be employed by the mercantile establishment did not prevent recovery by his administrator. It will readily be seen that the case is not entirely the same on the facts as the case at bar. Here the death of the deceased occurred while employed in an occupation where his employment was illegal under the Child Labor act even though an employment certificate had been issued to him, and his death arose out of hazards and dangers of this illegal employment.

*Dusha* v. *Virginia and Rainy Lake Co.* 176 N. W. (Minn.) 482, cited by plaintiff in error, was an action under the Child Labor law of Minnesota, arising out of the death of a boy under sixteen years of age. The statute of that State provided that where the employer secured the affidavit of a parent that the child was over sixteen years of age such employer was not deemed to have violated the Child Labor act. The facts in that case showed that the parents represented that the boy was over sixteen but the employer did not procure from them and place on file an affidavit to that effect, as provided by the act. The Minnesota statute provided no penalty against the parent who permitted the child to be illegally employed, and it was held that such representation of the parent was of no consequence; that the law was directed primarily against the employer and not the parent, and that the employer might have

protected himself by having the required affidavit, which he did not do. The recovery of damages was sustained.

As we have seen, section 13 of the Child Labor law of this State makes the parent equally guilty with the employer for the illegal employment of children. Both are subjected to a fine for its violation. It is a general principle of undoubted acceptation, that courts of justice will not assist a person who has participated in a transaction forbidden by statute to claim damages growing out of such transaction or relieve himself of the consequences of his illegal act. When the unlawful act of the plaintiff concurs in causing the damage he complains of, he cannot recover compensation for such damage, and if he suffer injury while violating a public law, though the party injuring him is likewise a transgressor, he cannot recover for the injury if his unlawful act was a contributing cause thereof. The court will not assist either party to an illegal transaction but will leave them where they have chosen to place themselves.

In *Harris* v. *Hatfield,* 71 Ill. 298, plaintiff was guilty of the violation of a penal statute prohibiting the keeping of certain infected cattle from foreign States, and in his action he sought to obtain damages arising from the keeping of such cattle by the defendant, and it was held that he could not recover. Of the same character was the case of *Frye* v. *Chicago, Burlington and Quincy Railroad Co.* 73 Ill. 399.

In *Workingmen's Banking Co.* v. *Rautenberg,* 103 Ill. 460, the bank brought an action against the guarantor of a note of a director which had been given to the bank. This loan was made in direct violation of the law, and it was held that both parties having violated the law, recovery could not be had by the one damaged.

In *Gilmore* v. *Fuller,* 198 Ill. 130, the parties plaintiff and defendant were members of a charivari party and the former was injured by the firing of a gun in the hands of the latter. It was in that case held, upon a review of the

authorities on the subject, that both being engaged in violating the law both combined to produce the injury, and the plaintiff could not recover damages from the defendant.

In *Star Fire Clay Co.* v. *Budno,* 269 Fed. 508, a boy under fifteen years of age was employed in a mill or factory in violation of the general code of the State of Ohio which made such employment an offense on the part both of the employer and a parent or guardian who permits such employment. It was there held that an action against the employer for the death of the boy, who was killed while employed in the mill, could not be maintained for the benefit of the parent, who consented to such employment.

*International Agricultural Corp.* v. *Cobble,* 240 S. W. (Tenn.) 295, was an action brought by the father as administrator of the estate of his fourteen-year-old son, who was employed in violation of the Child Labor law of Tennessee. The parent had represented to the employer that the boy was sixteen years of age. The Child Labor statute of that State, like our own, provided a penalty for one who employs a child, or permits or suffers it to be employed, in violation of the provisions of the act. It was there held that as the parent was guilty of a misdemeanor by suffering or permitting his son to be employed in violation of the act, he was not entitled, as beneficiary, to recover, because his consent to the illegal employment was a direct, proximate and contributing cause to his son's injury and death. This we believe to be the true rule. It is a fundamental principle of the law that no one be allowed to benefit by his own wrong, and in this case the parents being equally guilty with the employer of a breach of the statute, and the injury and death arising, as it did, out of the illegal employment, they should not be allowed to recover as beneficiaries of their own wrong.

This action is brought by the administrator of the estate of the deceased. It appears that the deceased left surviving him, in addition to his parents, two brothers, Marshall,

who was working his way through the Columbia University at the time of the accident, and Richard, a boy about thirteen years of age. If the parents permitted the boy to be thus illegally employed they cannot recover as beneficiaries of their own wrong. No effort was made on the trial to show damages resulting to these brothers by reason of the death of the deceased, and in that state of the record, damages to which they would be entitled if the case were one in which they could recover at all are but nominal. Under the rule laid down by this court in the *Hazel case, supra,* there is no separation of the damages to be assessed by the jury in an action brought by an administrator, but the finding is for a single gross amount in an inseparable cause of action brought for the benefit of those to whom the personal estate of the deceased would descend after the payment of his debts. It follows, therefore, that brothers or sisters of deceased may not recover damages for his death in an action brought by the administrator of his estate where the illegal act of the parent was a contributing cause of the death. Whether such brothers or sisters could in this case maintain an action in their own name for actual damages is not before us and is not decided.

The violation of section 13 of the Child Labor act by the parents of the deceased was a question of fact not so clearly proven against them as to cause all reasonable minds to agree that they were so guilty. The trial court would not, therefore, have been justified in instructing the jury to return a verdict for defendant in error, and the Appellate Court, when it found the facts to be different from such finding in the trial court, should have remanded the cause for a new trial. *Mirich* v. *Forschner Contracting Co.* 312 Ill. 343.

The judgment of the Appellate Court is reversed and the cause is remanded to that court, with directions to pass upon the errors there assigned.

*Reversed and remanded, with directions.*