## PERRY v. WESTERN UNION TELEGRAPH CO.

Circuit Court of Appeals, Sixth Circuit.
July 12, 1928.

No. 4812.

1. Master and servant ⬤⟲95, 285(1)—Whether presence at place of injury of messenger boy while returning to office after meal was proximate result of unlawful employment held test of liability and fact question for jury (Tennessee child labor statute).

Where plaintiff, under 16, employed by telegraph company to deliver messages after 7 p. m., in violation of Tennessee child labor statute (Shannon's Tenn. Code, §§ 4433a84–4433a101), and paid according to number of messages, meals being taken during hours of employment at such times and places as boy saw fit, was injured while returning to employer's office by direct route after meal at his home, in vicinity of which he had previously delivered message, test of employer's liability was

whether it could have been reasonably anticipated that plaintiff's employment would result in such a trip, and whether his presence at the place of the accident was the proximate result of the employment, and this was question of fact for jury.

2. **Master and servant** ⬤=95—**Child labor statute is to be liberally construed, to correct evils aimed at (Tennessee child labor statute).**

Child labor statute of Tennessee (Shannon's Tenn. Code, §§ 4433a84–4433a101) is to be construed liberally, to accomplish its objects, correct the evils, and suppress mischief aimed at.

Appeal from the District Court of the United States for the Western District of Tennessee; Harry B. Anderson, Judge.

Action by Charles John Perry, by next friend, against the Western Union Telegraph Company. Judgment for defendant, and plaintiff appeals. Reversed.

Joseph H. Norville, of Memphis, Tenn. (Wm. M. Stanton, of Memphis, Tenn., on the brief), for appellant.

C. P. J. Mooney, Jr., of Memphis, Tenn. (Canada, Williams & Russell, of Memphis, Tenn., on the brief), for appellee.

Before DENISON and MOORMAN, Circuit Judges, and MOINET, District Judge.

MOINET, District Judge. This appeal is to review the action of the District Court on a directed verdict of no cause of action, based wholly on the opening statement of counsel, briefly as follows:

The plaintiff will show by a preponderance of evidence that on the night of October 3, 1925, while under the age of 16 years, he was injured by an automobile; that about two weeks prior thereto he had been employed by the defendant; that the plaintiff was born on May 28, 1910, and that the defendant is a corporation engaged in the business of receiving, transmitting, and delivering telegrams; that the plaintiff was employed by it to distribute and deliver telegrams from its Memphis office to addresses in said city; that he was a messenger boy; that it was unlawful under the laws of Tennessee to employ a minor under the age of 16 years to deliver telegrams after 7 p. m. in the evening, unless certain legal requirements were complied with, and that such requirements were not complied with by the defendant; that defendant did not secure certificate as to age, nor keep on file for inspection such employment certificate; that plaintiff was employed and permitted to work after the hours provided by law, which

was unlawful, and his injuries were sustained in consequence of such unlawful employment; that the plaintiff was to work from 4 p. m. to 10:30 and 11 o'clock at night, and later; that he was not paid by the day or hour, but by the messages delivered by him, the rate being dependent upon the particular zone of delivery; that there was no time provided for plaintiff and other boys to eat; that they did not have lunch time, or a fixed time off, but would eat during their hours of employment, at such times and places as the individual messenger boy saw fit; that on the night of the accident plaintiff, after 7 o'clock, was given a telegram to be delivered near Vance and South Third streets; that he delivered this message and returned on his route to Linden avenue, and, being in the vicinity of his home, he went there to 600 Linden avenue, and ate, and as soon as he finished his meal he started on his way back to defendant's office, from which he delivered telegrams; that while going to defendant's office on the most direct route, and in crossing an intersecting street, an automobile approaching him from behind struck him, breaking his leg and otherwise injuring him; that said accident occurred between 8:30 and 9 o'clock in the night; that defendant's office is in the heart of the city of Memphis, at Monroe and Second streets, and the telegram was delivered some 10 or 12 blocks south of Monroe; that 600 Linden avenue is about 6½ blocks east of South Third; that plaintiff had covered about 3 blocks on his return trip from home when he was injured; that the particular details relating to the various matters, together with the exact character, nature, and extent of plaintiff's injuries will more fully appear from the witnesses; that it is the plaintiff's contention that the accident and resultant injuries occurred in consequence of his unlawful employment; that there was a causal connection between the unlawful employment and the injuries sustained; and for recovery of damages plaintiff brings this suit.

Granting, under the rule, that the claims of the plaintiff made in the opening statement of counsel are substantially established, the question presented is: Has the plaintiff made out a cause of action? The trial court, in granting the motion for a directed verdict, stated his reasons that:

"It seems to me that, in going to eat and returning therefrom, the plaintiff was on his own personal business, and was not on his master's business, as the accident occurred while he was on his way to defendant's office,

after having eaten. It occurred while he was not in the performance of his duties, and while he was not acting within the scope of his employment, and he cannot recover."

It has been held in some states that the right of the injured child to maintain a civil action against an employer, violating a child labor statute, arises without regard to the rules of common-law negligence, but under the child labor statute by implication. Newton v. Oil Co., 316 Ill. 416, 147 N. E. 465, 40 A. L. R. 1200; St. Louis, I. M. & S. Ry. Co. v. Taylor, 210 U. S. 281, 294, 28 S. Ct. 616, 52 L. Ed. 1061.

[1] Obviously, the facts are undisputed that the plaintiff was unlawfully employed by the defendant at the time of the accident, on the night of October 3, 1925, as appears from the several provisions of the Tennessee child labor statute (Shannon's Tenn. Code, §§ 4433a84–4433a101); he was employed to deliver messages from 4 p. m. until 11 p. m., and his pay therefor classified according to the zone of delivery; no provision was made as to meal time, but plaintiff would eat during his hours of employment at such times and places as he saw fit. On the night in question, after 7 o'clock p. m., he was given a telegram for delivery, and thereupon delivered the same somewhere in the vicinity of his home, going thence to his home, where he ate, whereupon he started by a direct route on his way back to defendant's office, and while so returning the accident in question occurred.

Counsel for defendant, on the motion, contended that plaintiff departed from the direct route after delivery of the telegram, and was then engaged in his personal business in going to his home to eat, and was returning from his home to defendant's office; that at the time of the accident he had not yet returned to the departed route, and had not resumed his employment, and therefore he was not upon his master's business, and not performing the duties of his employment. The trial court, in granting the motion, adopted the view contended for, and held no recovery could be had, as, among other reasons, plaintiff was not acting within the scope of his employment.

We are persuaded that the test of liability, on the facts presented, is not whether the plaintiff was at the moment in and about the business of his master and acting within the scope of his employment, but whether his presence then and there was the proximate result of the existence of the employment; that is, whether it would have reasonably been contemplated and anticipated that his employment would result in such a trip to and from his home. From the hours of plaintiff's employment, 4 p. m. to 11 p. m., and no provision being made as to time or place for the plaintiff to eat, can it be said from the facts, that the master did not reasonably contemplate and anticipate that the plaintiff, during his hours of service, would go somewhere for his meals? We believe the facts presented herein, when established, furnish an issue of fact for a jury.

[2] The object of the child labor law is very obvious and has been repeatedly construed by the state and federal courts. Tennessee has held such statute to be construed liberally, "to accomplish their objects, correct the evils, and suppress the mischief aimed at." Kitts v. Kitts, 136 Tenn. 319, 189 S. W. 376; Chat. Imp. & Mfg. Co. v. Harland, 146 Tenn. 85, 89, 239 S. W. 421.

The Ausbrooks and Green Cases are quite in point and somewhat helpful. In the Green Case defendant claimed the boy left his employment and went into the yard of the employer and was playing with heavy panels when he was injured by them, the court holding: "According to the claims of each of the parties to the suit, we think there is causal connection between the employment and the injury; * * * the connection between the employment and the injury is that of cause and effect, and brings the complainant within the operation of the statute." Western Union v. Ausbrooks, 148 Tenn. 615, 257 S. W. 858; Iron & Wire Co. v. Green, 108 Tenn. 161, 165, 65 S. W. 399.

The Supreme Court of Michigan, in Trust Co. v. Beverage Co., 219 Mich. 208, 189 N. W. 186, recently said: "The employment of this boy, in violation of the child labor law, was sufficient evidence of the defendant's negligence, and the injury having occurred in the course of the service of the boy under such unlawful employment was enough in itself to show a causal connection and the law will refer the injury to the original wrong as its proximate cause."

The judgment is reversed.