ELAINE M. REED, as Special Adm'r for the Estate of Thad Wells III, Deceased, Plaintiff-Appellant, v. JAMES WITVOET, SR., Defendant-Appellee (James Witvoet, Jr., Indiv. and d/b/a James Witvoet and Sons *et al.*, Defendants).

Third District   No. 3—98—0838

Opinion filed February 1, 2000.

Michael W. Rathsach (argued), and Mark E. McNabola and Edward W. McNabola, both of Cogan & McNabola, both of Chicago, for appellant.

James A. Witvoet, Sr. (argued), of St. Anne, for appellee.

JUSTICE KOEHLER delivered the opinion of the court:

The plaintiff in this wrongful death action, Elaine Reed, appeals the Kankakee County circuit court's grant of defendant James Witvoet, Sr.'s motion for summary judgment. We must decide whether the circuit court erred when it concluded that (1) the parents' violation of the Child Labor Law (820 ILCS 205/19 (West 1992)) barred their recovery of damages in a wrongful death action against the deceased minor's employer; and (2) the parents' violation also defeated the innocent beneficiary's recovery in the action. Because we conclude that the circuit court misapprehended the law with regard to an innocent beneficiary's recovery of damages, we affirm in part and reverse in part.

## I. FACTS

Thad Wells III, the 13-year-old decedent, died subsequent to an explosion from a tire that he was inflating with an air compressor while working at a farm. His survivors include his mother, Elaine Reed; his father, Thad Wells, Jr.; and his 16-year-old brother, Lyle Wells. Defendant James Witvoet, Sr., employed the decedent to work on his farm at the father's request. The defendant also employed Thad Wells, Jr., on the farm. The decedent's parents transported him to and from work. While at work, the decedent did the same type of work as his father.

Plaintiff Elaine Reed brought suit as administrator of the decedent's estate and alleged that defendants James Witvoet, Sr., and James Witvoet, Jr., employed the decedent in a "non-agricultural and hazardous occupation" in violation of the Child Labor Law (the Act)

(820 ILCS 205/1 *et seq.* (West 1992)). Although defendant Witvoet, Sr., stipulated that he employed the decedent, he denied employing the decedent in a "non-agricultural and hazardous occupation." Moreover, defendant Witvoet, Sr., raised an affirmative defense, asserting he employed the decedent in an agricultural occupation and was, therefore, exempt from violating the Act under section 2 (820 ILCS 205/2 (West 1992)).

Following a jury trial, the plaintiff filed a posttrial motion asking for a new trial on the issue of damages, which she later withdrew as to defendant Witvoet, Sr. Defendant Witvoet, Sr., also filed a motion for a new trial, alleging various errors. After the circuit court concluded that the evidence of the parents' conduct in obtaining the decedent's employment should not have been barred, it vacated the jury verdict and granted the defendants a new trial.

Defendant Witvoet, Sr. (the defendant), subsequently filed a motion for summary judgment with various affidavits attached, alleging that the parents violated the Act when they willfully permitted and/or allowed him to employ the decedent in an unlawful occupation and such conduct barred any recovery. See 820 ILCS 205/19 (West 1992). The plaintiff did not file any counteraffidavits or a response to the defendant's motion for summary judgment. After a hearing on the motion where both parties gave arguments, the circuit court granted the motion. In so doing, the circuit court stated:

"Even though very old, the controlling case is *Newton v. Illinois Oil Co.*, 316 Ill. 416, 147 N.E.465. No party to this cause has cited any subsequent decision to this Court which modifies the *Newton* holding and it is believed none exists.

That case clearly holds that the parents are prohibited from recovery by their participation in the minor's illegal employment. The more troubling question is whether or not the non-offending siblings of the decedent are also barred from recovery in an action by the minor's estate, in effect, as a result of the acts of the parents. *Newton* resolves this question with the following language:

'It follows, therefore, that brothers or sisters of the deceased may not recover damages for his death in an action brought by the administrator of his estate, where the illegal act of the parent was a contributing cause of the death.'

Based upon all of the foregoing, the Court finds that there is no material issue of fact or law remaining and the defendant is entitled to Summary Judgment."

Subsequent to the circuit court's grant of summary judgment, it entered an order voluntarily dismissing defendant Witvoet, Jr., thereby disposing of the last party to the case. The plaintiff now appeals.

## II. ANALYSIS

Our review of summary judgment is *de novo*. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102, 607 N.E.2d 1204, 1209 (1992). Summary judgment should only be granted when the pleadings, depositions, and admissions on file, together with any affidavits, when construed in the light most favorable to the nonmoving party, show there is no genuine issue as to any material fact and, the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1992). Moreover, summary judgment is a drastic measure that should only be granted when the right of the moving party is clear and free from doubt. *Purtill v. Hess*, 111 Ill. 2d 229, 239-41, 489 N.E.2d 867, 871 (1986).

■ Section 19 of the Act states: "[W]hoever having under his, her or its control or custody any minor, wilfully permits or allows a minor to be employed or to work in violation of this Act, shall be guilty of a Class A misdemeanor." 820 ILCS 205/19 (West 1992). In the instant case, the plaintiff contends that the order granting summary judgment must be vacated because the parents' conduct in violating the Act by wilfully permitting and/or allowing their son to be unlawfully employed cannot be imputed to the decedent's surviving brother. Specifically, the plaintiff argues that *Newton* is not the applicable law with regard to the decedent's innocent sibling after our supreme court's holding in *Nudd v. Matsoukas*, 7 Ill. 2d 608, 616, 131 N.E.2d 525, 527 (1956), which reexamined and abandoned the basis underlying the rationale in *Newton*. The plaintiff also asserts that the parents' claim should not be barred in its entirety due to their knowledge and conduct; rather, recent equitable principles should be applied, allowing a fact finder to determine the extent to which the parents caused the injury.

In response, the defendant argues that there are no issues of fact to be determined by the fact finder as *Newton* is dispositive in the matter. The defendant further claims that we must not consider the brother's claim as it is not before our court since (1) the brother could maintain an action in his own name and has not at this point done so; and (2) the plaintiff cannot act as the brother's representative because she has a conflict of interest. Finally, the defendant contends that the plaintiff's comparative fault argument is without merit because it directly contradicts the circuit court's grant of her motion *in limine*, which barred the defendant from introducing or arguing comparative fault at trial. The plaintiff replies to this final point by noting that the rulings at trial are irrelevant because the circuit court vacated the jury verdict.

■ Before resolving these issues, we must note that the parties'

pleadings initially indicated that a factual dispute existed as to whether the defendant employed the decedent in a lawful agricultural occupation. However, this no longer appears to be the case. The defendant, in filing his motion for summary judgment, adopted the plaintiff's assertion that the employment was unlawful when he alleged that the parents were barred from recovery when they violated the Act by wilfully permitting and/or allowing their son to be unlawfully employed. Importantly, the defendant did not plead this in the alternative to his affirmative defense. Nor did the plaintiff submit a counteraffidavit to the defendant's summary judgment motion, asserting that the parent's conduct was lawful. Therefore, we construe the parties' pleadings and affidavits as constituting a judicial admission on each of their parts that the decedent was employed in an unlawful occupation.

In *Newton v. Illinois Oil Co.*, 316 Ill. 416, 147 N.E. 465 (1925), the plaintiff brought a wrongful death action against the defendant following the death of his 15-year-old son. The decedent had been employed by the defendant in violation of the Act and died after being caught between the floor of an elevator and a gate while at work. The father, mother, and two brothers survived.

■ Our supreme court held that the parents' violation of the Child Labor Law wholly defeated recovery in an action by the administrator of the decedent's estate.

"It is a general principle of undoubted acceptation, that courts of justice will not assist a person who has participated in a transaction forbidden by statute to claim damages growing out of such transaction or relieve himself of the consequences of his illegal act. When the unlawful act of the plaintiff concurs in causing the damage he complains of, he cannot recover compensation for such damage, and if he suffer injury while violating a public law, though the party injuring him is likewise a transgressor, he cannot recover for the injury if his unlawful act was a contributing cause thereof. The court will not assist either party to an illegal transaction but will leave them where they have chosen to place themselves." *Newton*, 316 Ill. at 422, 147 N.E. at 467.

Importantly, the *Newton* court relied upon *Hazel v. Hoopeston-Danville Motor Bus Co.*, 310 Ill. 38, 141 N.E. 392 (1923), which held that there could be no separation of the damages assessed by a jury in an action brought by an administrator. Instead, "the finding is for a single gross amount in an inseparable cause of action brought for the benefit of those to whom the personal estate of the deceased would descend after the payment of his debts. It follows, therefore, that brothers or sisters of deceased may not recover damages for his death in an

action brought by the administrator of his estate where the illegal act of the parent was a contributing cause of the death." *Newton*, 316 Ill. at 424, 147 N.E. at 468.

■ Applying these principles, we conclude that the parents' illegal conduct bars their recovery as beneficiaries of the decedent's estate. In so ruling, we adhere to the long-standing principle that we should not assist parties whose own illegal acts have contributed in the cause of damages. Rather, we must leave the parents in this case where they chose to place themselves. *Newton*, 316 Ill. at 424, 147 N.E. at 467. See also *Mettes v. Quinn*, 89 Ill. App. 3d 77, 80, 411 N.E.2d 549, 551 (1980). In this regard, *Newton* remains unchallenged and continues to be of full effect.

More difficult is the issue of whether the parents' violation of the Act also defeats innocent brother Lyle Wells' recovery of damages. We conclude that it does not.

In *Nudd v. Matsoukas*, 7 Ill. 2d 608, 615-16, 131 N.E.2d 525, 527 (1956), our supreme court reexamined the *Hazel* principle underlying the *Newton* decision and held that public policy did not require barring an entire action simply because one beneficiary of the decedent's estate contributed to the injury. Rather, the negligence of the plaintiff-beneficiary simply prevents his right to recover for pecuniary loss. *Nudd*, 7 Ill. 2d at 616, 131 N.E.2d at 527. While *Nudd* involved allegations of negligence, as opposed to a violation of a criminal statute, the analysis is entirely applicable to the case at bar. Accordingly, we conclude that an estate can recover under the Act even when one of its beneficiaries violates the Act.

Finally, the defendant asserts that the minor's case is not properly before this court and that the plaintiff cannot bring this cause of action due to a conflict of interest that arises because she herself cannot recover. Having concluded that the estate can recover under the Act, we have determined that there is no need to address these issues at this time.

## III. CONCLUSION

In summary, we conclude that (1) the parents are barred from recovering damages as the decedent's beneficiaries due to their own violation of the Child Labor Law (820 ILCS 205/19 (West 1992)); and (2) the parents' violation of the Act does not defeat the estate's ability to recover in a wrongful death action arising out of a violation of the Act. Accordingly, we affirm the circuit court's grant of summary judgment to the extent that it precludes the decedent's parents from recovering damages; however, we reverse and remand the remaining

grant of summary judgment to the Kankakee County circuit court for action consistent with this opinion.

Affirmed in part and reversed in part; cause remanded.

BRESLIN and HOMER, JJ., concur.