Docket No. 88703–Agenda 11–September 2000.

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v.

 KEITH V. HASPREY, Appellant.

Opinion filed November 22, 2000.

JUSTICE HEIPLE delivered the opinion of the court:

Defendant, Keith V. Hasprey, was convicted in the circuit court of Logan County of reckless driving. The appellate court affirmed his conviction and sentence (308 Ill. App. 3d 841), and we granted leave to appeal (177 Ill. 2d R. 315).

BACKGROUND

On May 10, 1998, while driving in Lincoln, Illinois, defendant attempted to pass a pickup truck on a two-lane road. As he was passing, the truck edged over toward defendant and made contact with his vehicle. After passing the truck, defendant stopped and exited his vehicle. The driver of the truck also stopped, but then backed up and drove away. Defendant and a friend, who was driving another car nearby, decided to chase the truck. They caught up to the truck and attempted to stop it. In so doing, they caused further contact between the truck and defendant’s vehicle.

Subsequently, the driver of the truck pled guilty to one count of reckless driving. Defendant was charged with two counts of reckless driving. After the State dropped one of the two counts against defendant, defendant proceeded to trial, and was convicted by a jury. The court sentenced defendant to 18 months’ probation, a $1,000 fine plus costs, and $1,500 in restitution to the driver of the truck. The appellate court affirmed.

ANALYSIS

Defendant first argues that the trial court lacked authority to order restitution. The appellate court held that section 5–5–6 of the Unified Code of Corrections (730 ILCS 5/5–5–6 (West 1998)) authorizes restitution in this case. Section 5–5–6 provides, in pertinent part, that “In all convictions for offenses in violation of the Criminal Code of 1961 in which the person received any injury to their person or damage to their real or personal property as a result of the criminal act of the defendant, the court shall order restitution as provided in this Section.” 730 ILCS 5/5–5–6 (West 1998). Defendant contends that restitution is not authorized because reckless driving, the offense of which he was convicted, is part of the Illinois Vehicle Code (625 ILCS 5/11–503 (West 1998)) and not part of the Criminal Code (720 ILCS 5/1–1 
et seq
. (West 1998)).

Defendant is correct. Section 5–5–6 of the Code of Corrections authorizes restitution only for violations of the Criminal Code. Defendant has not been convicted of violating the Criminal Code. While the Vehicle Code has its own restitution provision for those convicted of vehicle theft (see 625 ILCS 5/4–108(b) (West 1998)), it has no such provision for the offense of reckless driving. The trial court’s order of restitution is therefore vacated.

Defendant next argues that the trial court erred in denying his motion 
in limine
 which sought to bar the State from arguing to the jury that defendant could be found guilty of reckless driving if he acted 
either
 willfully or wantonly. Defendant contends that by naming the offense “reckless driving,” the General Assembly intended to require that a defendant’s actions be 
both
 willful and wanton. The plain language of the statute, however, belies defendant’s contention. The statute specifies that a person is guilty of reckless driving if he drives a vehicle with “willful 
or
 wanton disregard for the safety of persons or property.” (Emphasis added.) 625 ILCS 5/11–503 (West 1998). The State thus was correct in arguing that defendant could be found guilty if he acted either willfully or wantonly.

Finally, defendant contends that the trial court erred in failing to declare a mistrial after it received a note from the jury. Prior to the close of all the evidence, the jurors sent the judge the following note: “How do you vote if you feel at this point and time both parties are at fault?” After discussing the matter with the prosecution and with defense counsel, the judge subsequently instructed the jury as follows: “Each case is individual, each case is different, and we deliberate a verdict as jurors after all the evidence has been presented and after you’re instructed as to what the law is. In this particular case, it is not proper to be discussing the case before all the evidence is in and before the instructions. *** [Y]ou have to wait until you have heard all the evidence and [been] instructed as to the law before you make any determination on guilt or innocence.” Defense counsel did not object to this admonition and did not move for a mistrial.

By failing to object to the judge’s instructions or to request a mistrial, defendant waived any objection to the court’s handling of this matter. Furthermore, the court was under no obligation to declare a mistrial 
sua sponte
, because its response to the jurors’ note sufficiently cured any misunderstanding on the jurors’ part.

The appellate court’s judgment is reversed in part and affirmed in part. The circuit court’s order of restitution is vacated. In all other respects, the circuit court’s judgment is affirmed.

Appellate court judgment reversed in part 

and affirmed in part;

circuit court judgment affirmed in part

 and vacated in part.