NO. 4-00-0214

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, ) Appeal from

Plaintiff-Appellee, ) Circuit Court of

) McLean County

CLIFFORD PATRICK McCORMICK, ) No. 00CF44

Defendant-Appellant. ) 

) Honorable

) Donald D. Bernardi,

) Judge Presiding.

_________________________________________________________________

JUSTICE APPLETON delivered the opinion of the court:  

After a bench trial, the trial court found defendant, Clifford Patrick McCormick, guilty of violating section 1 of the Harassing and Obscene Communications Act (Communications Act) (720 ILCS 135/1 (West 2000)).  The trial court sentenced him to three years' imprisonment and ordered him to pay restitution to the victim for parking tickets she had received.  Afterward, the circuit clerk notified defendant that he also must pay a fine pursuant to section 10(c) of the Violent Crime Victims Assistance Act (Victims Assistance Act) (725 ILCS 240/10(c) (West 2000)).  Defendant appeals, arguing that (1) section 2(b)(5) of the Communications Act violated his constitutional right to equal protection; (2) section 2(b)(5) violated the proportionate penalties clause (Ill. Const. 1970, art. I, §11); (3) the trial court had no statutory authority to order restitution for the parking tickets; and (4) only the court, not the circuit clerk, had authority to impose the fine.  We affirm in part, vacate in part, and remand with directions.

I. BACKGROUND

In a two-count indictment, the State charged defendant with violating section 1 of the Communications Act, a Class 4 felony, in that having been previously convicted of burglary, he made telephone calls to Crystal Chenoweth "with the intent to abuse, threaten[,] or harass any person at the called number."  Count I alleged that he made a harassing call to her on January 6, 2000, and count II alleged that he made another harassing call to her on January 7, 2000.  

Normally, if no aggravating circumstances are present and it is a first offense, harassment by telephone is a Class B misdemeanor, punishable by no more than six months' imprisonment.  720 ILCS 135/2(a) (West 2000); 730 ILCS 5/5-8-3(a)(2) (West 2000).  However, under section 2(b)(5) of the Communications Act (720 ILCS 135/2(b)(5) (West 2000)), harassment by telephone becomes a Class 4 felony if, during the past 10 years, the offender was convicted of a "forcible felony" within the meaning of section 2-8 of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/2-8 (West 2000)).  The nonextended term of imprisonment for a Class 4 felony is not less than one year and not more than three years.  730 ILCS 5/5-8-1(a)(7) (West 2000).  Burglary is a forcible felony.  720 ILCS 5/2-8 (West 2000).

Defendant moved to dismiss the indictment on the grounds that section 2(b)(5) violated the proportionate penalties clause (Ill. Const. 1970, art. I, §11) as well as his right to due process and equal protection under the state and federal constitutions.  The trial court denied the motion.  In the trial court's view, the legislature could have reasonably believed that those who had "demonstrated their ability and willingness to commit forcible felonies" were "more likely to take the same action after the phone call."     

On April 14, 2000, at the conclusion of the bench trial, the trial court adjudged defendant guilty of count II alone, harassment by telephone on January 7, 2000.  The offense was a Class 4 felony because on February 6, 1999, defendant was convicted of burglary, a forcible felony.  Defendant had burglarized a car.  He represents that no one was in the car and that, in committing the burglary, he neither inflicted nor threatened bodily harm.  On May 26, 2000, the trial court imposed the sentence of three years' imprisonment for telephone harassment, giving defendant credit for 141 days served and ordering that the term of imprisonment run concurrently with that in the burglary case.

The trial court also ordered him to pay $270 in restitution to Chenoweth.  According to a "victim letter," Chenoweth was afraid to park in a public garage since defendant began harassing her.  For safety, she began parking on the street right outside her apartment, and she continued doing so even after the police arrested defendant, because she was unsure of his whereabouts.  She incurred $270 in parking tickets from the City of Bloomington.   

Without order of the trial court, the circuit clerk assessed a fine of $20 against defendant pursuant to section 10(c) of the Victims Assistance Act (725 ILCS 240/10(c) (West 2000)).

Defendant filed a motion for a new trial, arguing, 
inter
 
alia
, that the trial court had erred in denying his motion to dismiss the indictment.  In the proceedings below, defendant never challenged the order of restitution.  The trial court denied his motion for a new trial.

This appeal followed.

II. ANALYSIS

A. Equal Protection

Defendant argues that all of the forcible felonies listed in section 2-8 of the Criminal Code, except one, necessarily involve the use or threat of violence (
e.g.
, murder, treason, criminal sexual assault, arson).  Burglary, he says, is the lone exception.  
The list of felonies ends with a catchall phrase "and any other felony which involves the use or threat of physical force or violence against any individual" (720 ILCS 5/2-8 (West 2000), suggesting that when the legislature defined "forcible felony," it meant a felony involving the use or threat of force or violence.  

Defendant explains:  "The enhanced sentencing scheme [in section 2(b)(5) of the Communications Act] apparently is aimed at situations in which the potential for danger was heightened."  The legislature intended to "protect[] telephone harassment victims from offenders who are more likely to use force or violence or to inflict physical harm after making a threatening or harassing telephone call."  Defendant argues that section 2(b)(5), as applied to him, has no rational relationship to that purpose.  Not all burglaries involve the use or threat of violence, and he had no intent of endangering anyone when he burglarized the unoccupied car. 

We review 
de
 
novo
 the constitutionality of a statute.  
Brown's Furniture, Inc. v. Wagner
, 171 Ill. 2d 410, 420, 665 N.E.2d 795, 801 (1996).  We presume that section 2(b)(5) of the Communications Act is constitutional, and defendant has the burden of clearly establishing its unconstitutionality.  See 
People v. Shephard
, 152 Ill. 2d 489, 499, 605 N.E.2d 518, 523 (1992).  When assessing a claim that someone has been denied the equal protection of the laws, we perform the same analysis, regardless of whether the claim arises under the state or federal constitution.  
Shephard
, 152 Ill. 2d at 499, 605 N.E.2d at 523.  Equal protection requires the government to deal with "similarly situated" persons in a similar manner.  
Shephard
, 152 Ill. 2d at 499, 605 N.E.2d at 523.  The government may not treat people unequally by putting them into different classes "for reasons wholly unrelated to the purpose of the legislation."  
Shephard
, 152 Ill. 2d at 499, 605 N.E.2d at 523.  

We regard with strict scrutiny any "suspect" classification, such as one based on race, as well as any classification that impinges upon a fundamental constitutional right.  
Shephard
, 152 Ill. 2d at 499, 605 N.E.2d at 523.  
Defendant agrees that section 2(b)(5) creates no suspect classification and impinges upon no fundamental right and that the issue, therefore, is whether the law has a rational basis.  See 
Shephard
, 152 Ill. 2d at 500, 605 N.E.2d at 524.  

Under the rational-basis test, our review of the legislative classification is limited and deferential.  
Shephard
, 152 Ill. 2d at 502, 605 N.E.2d at 525.  "[I]f any state of facts can reasonably be conceived to justify the enactment, it must be upheld."  
Shephard
, 152 Ill. 2d at 502, 605 N.E.2d at 525.  "[T]here must be a reasonable basis for distinguishing the class to which the [statute] applies from the class to which the statute is inapplicable."  
People v. Coleman
, 111 Ill. 2d 87, 95, 488 N.E.2d 1009, 1013 (1986).  If the reasonableness of the statute is "fairly debatable," we will defer to the legislative judgment and uphold the statute.  
Thillens, Inc. v. Morey
, 11 Ill. 2d 579, 591, 144 N.E.2d 735, 742 (1957). 

When devising the penalties for telephonic harassment, did the legislature have a rational basis for treating those convicted of a nonviolent burglary differently from those convicted of a felony other than a forcible felony?  Defendant argues that because his offense of burglary involved neither violence nor the threat of violence, the legislature could not rationally treat him differently from someone who had been convicted of a nonviolent felony
.  He considers himself similarly situated to people convicted of felonies other than forcible felonies.

As defendant acknowledges, hostile telephone calls can escalate into face-to-face encounters.  He admits that "the potential for danger is heightened" (or the legislature could reasonably consider it so) if the caller has, in the recent past, demonstrated a willingness to violate others' bodily autonomy--if the caller has been convicted of kidnapping or aggravated battery, for example.  Because harassing calls from such persons pose a greater threat of potential harm than harassing calls from other persons, the law should more strongly deter them.    

By similar logic, one could detect heightened danger in a harassing call from someone convicted of burglary (although the danger might not be as palpable as when the caller is a convicted murderer).  Defendant agrees that 
residential
 burglary belongs among the forcible felonies because there "is a considerably greater chance of injury and danger to persons in the home context."  
People v. Bales
, 108 Ill. 2d 182, 193, 483 N.E.2d 517, 522 (1985).  Just because residential burglary is more dangerous than other burglaries, it does not follow that other burglaries are safe.  Once one concedes that residential burglary belongs in the list of forcible felonies, it is difficult to argue that the legislature could not reasonably include burglary in the list as well.  Nowadays, motor vehicles are adjuncts of the home.  
People v. Anderson
, 272 Ill. App. 3d 537, 540, 650 N.E.2d 648, 650 (1995).  The difference in danger between residential burglary and nonresidential burglary is merely a matter of location, and once one grants that an offense is dangerous to some degree, it is a quintessentially legislative decision whether the danger is great enough to qualify it as a forcible felony.  

Burglary of a nonresidence can pose a threat of injury for the same reasons as burglary of a residence, sometimes a greater threat.  Even when no one is present when the burglar enters the office or car, someone could come.  Walking in upon a burglar, anywhere, would be an intimidating experience.  Any intruder is a physical menace because one never knows what the intruder will do.  Burglaries commonly go bad.  People panic.  Trying to protect their property or themselves, the innocent get hurt.  We realize that some burglaries are more physically threatening than others, but equal protection does not require "mathematical nicety" in the creation of classifications (
Lindsley v. Natural Carbonic Gas Co.
, 220 U.S. 61, 78, 55 L. Ed. 369, 377, 31 S. Ct. 337, 340 (1911)).  As long as the legislative classification has a rational relationship to the State's objectives, it is valid, even if the classification is imperfect or "'to some extent both underinclusive and overinclusive.'"  
New York City Transit Authority v. Beazer
, 440 U.S. 568, 592 n.39, 59 L. Ed. 2d 587, 606-07 n.39, 99 S. Ct. 1355, 1369 n.39 (1979), quoting 
Vance v. Bradley
, 440 U.S. 93, 108, 59 L. Ed. 2d 171, 183, 99 S. Ct. 939, 948 (1979).    

All burglars have shown a willingness to intrude into others' private space for the purpose of doing wrong.  
One study found the rate of recidivism for burglary to be 31.9%.  Note, A. Bedarf, Examining Sex Offender Community Notification Laws, 83 Cal. L. Rev. 885, 896 (1995), citing A. Beck & B. Shipley, U.S. Department of Justice, Recidivism of Prisoners Released in 1983, at 6, table 9 (1989).  The harassing call might lead to a physical intrusion, or so the legislature could believe.  Harassing calls from a certain class of felons are potentially more harmful than harassing calls in general, and therefore a greater deterrent is required.  The question is debatable either way.  Because a reasonable argument can be made in favor of the legislative classification, we will uphold it.

B. Proportionate Penalties Clause

     Defendant next argues that section 5(2)(b) of the Communications Act violates the proportionate penalties clause of the Illinois Constitution (Ill. Const. 1970, art. I, §11).  He reasons that vehicular invasion (720 ILCS 5/12-11.1(a) (West 2000)) is a more serious offense than burglary of a motor vehicle (720 ILCS 5/19-1(a) (West 2000)).  Unlike burglary, vehicular invasion requires that the vehicle was occupied at the time of the illegal entry.  When the vehicle is occupied, the danger is greater.  Burglary of a motor vehicle is only a Class 2 felony (720 ILCS 5/19-1(b) (West 2000)) while vehicular invasion is a Class 1 felony (720 ILCS 5/12-11.1(b) (West 2000)).  Unlike burglary, however, vehicular invasion is not specifically listed as one of the "forcible felonies."  720 ILCS 5/2-8 (West 2000).  Thus, (defendant argues) a person convicted of the more serious offense of vehicular invasion would commit only a Class B misdemeanor by harassing someone over the telephone, whereas a person convicted of the less serious offense of burglarizing an unoccupied motor vehicle would commit a Class 4 felony by the same act of telephonic harassment.  "Had [defendant] committed a more serious offense and entered a vehicle while the victim was present, he would now be punished less harshly for his telephone harassment offense," defendant argues.  We disagree.

     The definition of "forcible felony" is not limited to the felonies listed in section 2-8 but, as section 2-8 says, includes "'any other felony which involves the use or threat of physical force or violence against any individual.'"  
People v. Banks
, 287 Ill. App. 3d 273, 283, 678 N.E.2d 348, 355 (1997), quoting 720 ILCS 5/2-8 (West 1994).  The elements of burglary of a motor vehicle are as follows:  the defendant, without authority, knowingly entered or remained in a motor vehicle, with an intent to commit therein a theft or felony.  720 ILCS 5/19-1(a) (West 2000).  The elements of vehicular invasion are as follows:  the defendant, by force and without justification, knowingly entered or reached into the interior of a motor vehicle, while it was occupied, with an intent to commit therein a theft or felony.  720 ILCS 5/12-11.1(a) (West 2000).  The elements of the two offenses are similar, except that vehicular invasion includes additional elements, namely, that the vehicle was occupied and the defendant entered by force.  Because burglary of a motor vehicle is a "forcible felony," it logically follows that vehicular invasion is a "forcible felony," too, because vehicular invasion has similar elements plus additional ones that make the offense even more dangerous.  A person convicted of vehicular invasion commits a Class 4 felony by making a harassing telephone call.  For purposes of section 2(b)(5) of the Communications Act, such a person is in the same class as a person previously convicted of burglary.  

     
Defendant also compares burglary of a motor vehicle with vehicular invasion, arguing that the former offense should not be a Class 2 felony if the latter offense is a Class 1 felony.  If defendant means to challenge the sentence imposed upon him for burglary, he should do so in the burglary case.  We express no opinion on whether his sentence for burglary violates the proportionate penalties clause, because that issue is not properly before us.           

C. Restitution

     Citing 
People v. Hasprey
, 194 Ill. 2d 84, 86, 740 N.E.2d 780, 781 (2000), defendant argues that the order of restitution is void because section 5-5-6 of the Unified Code of Corrections (730 ILCS 5/5-5-6 (West 2000)) authorizes restitution only for violations of the Criminal Code and the Communications Act is not part of the Criminal Code.

     The supreme court decided 
Hasprey
 under section 5-5-6 as it existed prior to the enactment of Public Act 91-420 (Pub. Act 91-420, eff. January 1, 2000) (1999 Ill. Laws 5278, 5278)  (amending 730 ILCS 5/5-5-6 (West 1998)).  Section 5-5-6 now reads, in pertinent part, as follows (the amendment added the emphasized portion):

     "In all convictions for offenses in violation of the Criminal Code of 1961 in which the person received any injury to their person or damage to their real or personal property as a result of the criminal act of the defendant, the court shall order restitution as provided in this [s]ection.  
In all other cases, except cases in which restitution is required under this [s]ection, the court must at the sentence hearing determine whether restitution is an appropriate sentence to be imposed on each defendant convicted of an offense.  If the court determines that an order directing the offender to make restitution is appropriate, the offender may be sentenced to make restitution
."  (Emphasis added.)  730 ILCS 5/5-5-6 (West 2000). 

Thus, "[i]n all other cases"--that is, in 
all
 cases other than violations of the Criminal Code in which the victim sustained personal injury or property damage--the court "may" (as opposed to "shall") sentence the offender to restitution.  By the plain terms of the statute, as amended by Public Act 91-420, restitution is now available for all criminal offenses, not merely those in the Criminal Code.
      

In his postsentence motion, defendant did not object to the order of restitution.  To preserve a sentencing issue for appellate review, the defendant must raise the issue in a postsentencing motion.  
People v. Fouts
, 319 Ill. App. 3d 550, 552, 745 N.E.2d 1284, 1286 (2001), 
appeal
 
denied
, 195 Ill. 2d 561, 754 N.E.2d 1288 (2001).  Supreme Court Rule 615(a) provides, however, that we may review "[p]lain errors or defects affecting substantial rights," even though the defendant did not object to such errors in a posttrial motion.  134 Ill. 2d R. 615(a).  We may invoke the plain-error rule to review misapplications of law during sentencing.  
People v. Keene
, 296 Ill. App. 3d 183, 186, 693 N.E.2d 1273, 1275 (1998).  

Defendant argues that ordering him "to reimburse Ms. Chenoweth for her own illegal activity violates public policy."  We agree.  Violating a municipal parking ordinance is illegal.  The triviality of the offense does not make it any the less illegal.  The fines were the penalty for the offense.  Courts will not award damages growing out of the claimant's own illegal act or assist parties in relieving themselves of the consequences of their illegal activities.  
Newton v. Illinois Oil Co.
, 316 Ill. 416, 422, 147 N.E. 465, 467 (1925).  If a person "suffer[s] injury while violating a public law, though the party injuring him is likewise a transgressor, he cannot recover for the injury if his unlawful act was a contributing cause thereof."  
Newton
, 316 Ill. at 422, 147 N.E. at 467.  "[C]ourts do not aid parties whose causes of action are founded on 
any
 illegal *** acts *** to relieve themselves of the consequences of those acts ***."  (Emphasis in original.)  
Buttitta v. Newell
, 176 Ill. App. 3d 880, 886, 531 N.E.2d 957, 961 (1988).  Our aim is not to be harsh with Chenoweth but to preserve the public policy that 
Newton
, 
Buttitta
, and similar cases express.  It was plain error to order defendant to pay restitution to Chenoweth for the fines she incurred for violating a municipal parking ordinance.  We vacate the order of restitution.

D. Fine Imposed by Circuit Clerk

The State concedes that we should vacate the $20 fine that the circuit clerk imposed pursuant to section 10(c) of the Victims Assistance Act (725 ILCS 240/10(c) (West 2000)) because we have held that Public Act 89-688 (Pub. Act 89-688, §2, eff. June 1, 1997 (1996 Ill. Laws 3738, 3749-50)), which amended the statute to allow the circuit clerk to assess such a fine, violates the single subject clause of the Illinois Constitution (Ill. Const. 1970, art. IV, §8(d)).  See 
People v. Foster
, 316 Ill. App. 3d 855, 860, 737 N.E.2d 1125, 1130 (2000).  The State is correct in its concession, and we vacate the $20 fine and remand for proper imposition of the fine by the trial court.  See 
Foster
, 316 Ill. App. 3d at 860, 737 N.E. 2d at 1130. 

III. CONCLUSION

For the reasons stated, we affirm defendant's sentence, except that we vacate the portion of the sentence ordering him to pay restitution in the amount of $270.  We also vacate the circuit clerk's order that defendant pay a fine of $20, and remand for proper imposition by the trial court and for issuance of a modified written judgment of sentence as stated.

Affirmed in part and vacated in part; cause remanded with directions.    

McCULLOUGH, P.J., concurs.

TURNER, J., concurs in part and dissents in part.

JUSTICE TURNER, specially concurring in part and dissenting in part:

I concur with the majority in all respects except for its vacatur of the trial court's restitution order.  Defendant failed to preserve the restitution issue for appellate review by failing to file a postsentencing motion.  
Fouts
, 319 Ill. App. 3d at 552, 745 N.E.2d at 1286.  The issue is, therefore, forfeited.