799 N.E.2d 497 (2003)
343 Ill. App.3d 1148
278 Ill.Dec. 779
In re ESTATE OF Georgia A. MULDROW, deceased (Ronald S. Muldrow, Cross-Petitioner-Appellant,
v.
Charles K. Muldrow, Petitioner-Appellee).
No. 1-02-1825.
Appellate Court of Illinois, First District, Sixth Division.
October 10, 2003.
*498 William P. Butcher, Homewood, for Cross-Petitioner/Appellant.
No brief filed for Petitioner-Appellee.
Justice TULLY delivered the opinion of the court:
Georgia Muldrow died in November 2001. She left a will which nominated her two sons, petitioner, Charles K. Muldrow, *499 and cross-petitioner, Ronald S. Muldrow, as co-executors. This interlocutory appeal reaches us following the trial court's entry of an order denying Ronald's petition to name him the sole executor and disqualify Charles from serving as executor. Ronald timely appeals contending that the trial court erred when it refused to disqualify Charles from serving as executor because he is a convicted felon. We reverse.

BACKGROUND
Georgia died on November 10, 2001. Charles filed a petition for letters of administration alleging that Georgia left no will and requesting that letters of administration issue to him. Ronald subsequently filed a petition for probate of will and for letters testamentary. Ronald alleged that Georgia left a will nominating Ronald and Charles as co-executors. Ronald further alleged that Charles was not qualified to act as executor because he was a felon.
On April 19, 2002, Ronald filed a motion to disqualify Charles as executor alleging that Charles was convicted of murder in February 1973 and served a ten-year term of imprisonment. Ronald argued that Charles was not qualified to serve as executor as a result of the felony conviction. Charles responded arguing that he had "only one brush with the law and is not a criminal." Charles argued that the trial court was required to consider his character, integrity, soundness of judgment, and general capacity to determine whether he was qualified to serve.
On May 31, 2002, the trial court conducted a hearing on Ronald's motion. The trial court denied Ronald's motion. In a written order, the trial court indicated that it based its decision on an application of the law in Estate of Roy, 265 Ill.App.3d 99, 202 Ill.Dec. 492, 637 N.E.2d 1228 (1994). The record on appeal does not contain a report of proceedings for the hearing. Ronald filed a timely notice of appeal pursuant to Supreme Court Rule 304(b)(1) (155 Ill.2d R. 304(b)(1)).

DISCUSSION
Initially we note that Charles has not filed a brief on appeal. However, we find that the issues and record are relatively simple and we will address the merits of the appeal in accordance with the standards of First Capitol Mortgage Corp. v. Talandis Construction Corp., 63 Ill.2d 128, 345 N.E.2d 493 (1976). Further we note that Ronald has not met his burden, as the appellant, of providing this court with a sufficiently complete record of the proceedings at trial. Ronald has not provided this court with a report of proceedings for the hearing on his motion, nor has he utilized one of the alternatives provided by Supreme Court Rule 323 (166 Ill.2d R. 323) and provided us with a bystander's report or agreed statement of the facts. Generally, in the absence of such a record on appeal, a reviewing court will presume that the order entered by the trial court was in conformity with the law and supported by a sufficient factual basis. See Midstate Siding & Window Co. v. Rogers, 204 Ill.2d 314, 319, 273 Ill.Dec. 816, 789 N.E.2d 1248 (2003), citing Foutch v. O'Bryant, 99 Ill.2d 389, 391-92, 76 Ill.Dec. 823, 459 N.E.2d 958 (1984). However, this appeal primarily involves the interpretation of a statute. This is a question of law and the lack of a complete record does not bar our review of the issue. See Midstate, 204 Ill.2d at 319, 273 Ill.Dec. 816, 789 N.E.2d 1248.
Ronald contends that Charles was disqualified from acting as executor by section 5/6-13(a) of the Probate Act of 1975 (the Probate Act) (755 ILCS 5/6-13(a) (West 2002)). Section 5/6-13(a) provides:
"Who may act as executor. (a) A person who has attained the age of 18 years *500 and is a resident of the United States, is not of unsound mind, is not an adjudged disabled person as defined in this Act and has not been convicted of a felony, is qualified to act as executor." (Emphasis added.) 755 ILCS 5/6-13(a) (West 2002).
Ronald argues that the plain language of this statute disqualified Charles and that the trial court erred when it relied on the holding in Roy and considered additional factors.
In Roy, the reviewing court considered a similar provision of the Probate Act that disqualified felons from serving as the guardians for disabled persons. In 1993, Marjorie and Luther Roy had been married for 43 years. Luther had cared for Marjorie for years while her health deteriorated and, in 1992, he placed her in a nursing home. An employee of Catholic Charities subsequently filed a petition to adjudicate Marjorie disabled and to appoint Marjorie's daughter as guardian of her estate. Marjorie filed a petition to appoint Luther as her guardian. The trial court held that the respondent, Luther Roy, was precluded as acting as the guardian for his wife, Marjorie Roy, because he had been convicted of armed robbery in 1957 and dismissed Marjorie's petition. The trial court subsequently adjudicated Marjorie disabled and appointed her daughter guardian. The trial court did not allow Luther to present evidence of his qualifications. Luther appealed contending, inter alia, that the section of the Probate Act which disqualified him as guardian violated the equal protection clause of the United States Constitution.
The reviewing court held that because the challenged provision of the Probate Act did not affect a fundamental right or discriminate against a suspect class it was subject to rational basis review. Roy, 265 Ill.App.3d at 104, 202 Ill.Dec. 492, 637 N.E.2d 1228. The Roy court further held that the statute was not facially unconstitutional because, "[a]ny distinction in the statute between convicted felons and nonfelons is sufficiently justified by the State's interest in protecting the mentally disabled from neglect, exploitation and abuse." Roy, 265 Ill.App.3d at 104, 202 Ill.Dec. 492, 637 N.E.2d 1228. However, the reviewing court held that the statute could be unconstitutional as applied because "it could be found that there is no rational basis for treating a person with a 36-year old felony conviction differently from any other husband of 43 years who seeks to be appointed as his wife's guardian upon her becoming disabled." Roy, 265 Ill.App.3d at 105, 202 Ill.Dec. 492, 637 N.E.2d 1228. The reviewing court remanded the cause for a hearing on Luther's fitness to serve as guardian, concluding:
"If on remand, Luther proves by a preponderance of the evidence that he is fit and that his appointment would serve the best interest and welfare of Marjorie, then we would find that the Act was unconstitutionally applied and that Marjorie's choice of guardian should be given `due consideration.'" Roy, 265 Ill. App.3d at 105, 202 Ill.Dec. 492, 637 N.E.2d 1228.
In the case before us, we are faced with a similar issue, i.e., whether the limitation on felons serving as executors contained in section 5/6-13 of the Probate Act violates equal protection. We review a trial court's determination regarding the constitutionality of a statute de novo. People ex rel. Lumpkin v. Cassidy, 184 Ill.2d 117, 123, 234 Ill.Dec. 389, 703 N.E.2d 1 (1998). When construing a statute, we must begin with the presumption that the statute is constitutional, and the party challenging a statute has the burden of clearly establishing any constitutional invalidity. Cassidy, 184 Ill.2d at 123, 234 *501 Ill.Dec. 389, 703 N.E.2d 1. Moreover, courts are not empowered to determine whether the legislature acted wisely when it enacted a statute; instead, courts must limit their analysis to the issue of whether the legislature's action was constitutionally permissible. Orr v. Edgar, 298 Ill.App.3d 432, 438, 232 Ill.Dec. 469, 698 N.E.2d 560 (1998), citing Best v. Taylor Machine Works, 179 Ill.2d 367, 390, 228 Ill.Dec. 636, 689 N.E.2d 1057 (1997).
"The essential test of equal protection is whether government deals with similarly situated individuals in a similar manner." In re K.L.P., 198 Ill.2d 448, 466, 261 Ill.Dec. 492, 763 N.E.2d 741 (2002). Equal protection does not prohibit the State from enacting legislation that distinguishes between categories of people; rather, it forbids the State from enacting legislation that puts people into different categories on the basis of criteria that are wholly unrelated to the purpose of the legislation. City of Urbana v. Andrew N.B., 335 Ill.App.3d 180, 186, 269 Ill.Dec. 293, 780 N.E.2d 765 (2002); see also Best, 179 Ill.2d at 394, 228 Ill.Dec. 636, 689 N.E.2d 1057. Where, as in the case before us, legislation does not affect a suspect class or a fundamental right, it is subject to a rational basis test. Cassidy, 184 Ill.2d at 124, 234 Ill.Dec. 389, 703 N.E.2d 1. Under the rational basis test, we must ask whether the statutory classification is rationally related to a legitimate government interest. In re Estate of Jolliff, 199 Ill.2d 510, 520, 264 Ill.Dec. 642, 771 N.E.2d 346 (2002). "[I]f a court can reasonably conceive of circumstances which justify distinguishing the class benefitted by the statute from the class outside its scope, the classification is constitutional." Jolliff, 199 Ill.2d at 520, 264 Ill.Dec. 642, 771 N.E.2d 346.
The statute at issue classifies those qualified to serve as executor on several bases, including the classification at issue, whether the person named as executor is a felon. Accordingly, the issue before us is whether we can conceive of circumstances that justify classifying individuals on that basis. See Jolliff, 199 Ill.2d at 520, 264 Ill.Dec. 642, 771 N.E.2d 346. We believe the answer to this question is clear. An executor is entrusted with property to which others have claims and must safeguard that property and ultimately distribute it in accordance with the law. A convicted felon has demonstrated an inability to act within the confines of the law. This provides a more than adequate basis for the legislative determination that felons are not qualified to act as executors. On this issue, we agree with the reasoning of the Roy court which found that a similar rationale supported the legislative determination that felons should not act as guardians for disabled persons. See Roy, 265 Ill.App.3d at 104, 202 Ill.Dec. 492, 637 N.E.2d 1228. We find further support for such a determination in other cases which have rejected equal protection challenges to statutes that limit a felons right to engage in otherwise lawful activities. See, e.g., People v. Jackson, 269 Ill.App.3d 851, 207 Ill.Dec. 212, 646 N.E.2d 1299 (1995) (possessing a firearm); Coles v. Department of Registration and Education, 59 Ill.App.3d 1046, 17 Ill.Dec. 270, 376 N.E.2d 269 (1978) (selling real estate). Therefore, we conclude that section 5/6-13 of the Probate Act does not violate equal protection because it disqualifies felons from acting as executors.
The Roy decision, upon which the trial court relied, however, went further and used an "as applied" analysis to determine that the Probate Act violated equal protection. At this point our analysis must part company with that of the Roy court. The Roy court after determining that the challenged provision of the Probate Act was *502 not facially unconstitutional applied a second step to its rational basis analysis. The Roy court inquired whether the circumstances of the case before it were the circumstances envisioned by the legislature when it enacted the statute. Roy, 265 Ill.App.3d at 104-05, 202 Ill.Dec. 492, 637 N.E.2d 1228. We believe that this represents an aberration in rational basis jurisprudence. The Roy court relied on a single case in support of this stage of its analysis, People v. Morrison, 223 Ill. App.3d 176, 165 Ill.Dec. 330, 584 N.E.2d 509 (1991). We have examined the Morrison decision and find that it, in turn, provides no citation to other authority supporting the "as applied" test it used. We have examined numerous cases in Illinois applying the rational basis test and have discovered no case outside the Roy-Morrison line that applies such an analysis. Instead, each of the cases we have examined terminates its analysis after determining that the legislature had a reasonable basis for creating the classification contained in the statute without considering further the unique circumstances presented by an individual case. See, e.g., Cassidy, 184 Ill.2d at 127-28, 234 Ill.Dec. 389, 703 N.E.2d 1; People v. McCormick, 332 Ill.App.3d 491, 496, 266 Ill.Dec. 286, 774 N.E.2d 392 (2002).
It appears that the Roy court was attempting to remedy a perceived problem of overinclusion in the Probate Act. The Roy court held, in effect, that because Luther might have been a fit guardian despite his felony conviction the statute was unconstitutional as applied to him. However, under the rational basis test, a statute is not unconstitutional simply because it is imperfect. See Cassidy, 184 Ill.2d at 124, 127, 234 Ill.Dec. 389, 703 N.E.2d 1. As long as the legislative classification has a rational relationship to the State's objectives, it is valid even if it is to some extent overinclusive, underinclusive, or both. McCormick, 332 Ill.App.3d at 497, 266 Ill.Dec. 286, 774 N.E.2d 392, citing New York City Transit Authority v. Beazer, 440 U.S. 568, 592 n. 39, 99 S.Ct. 1355, 1369 n. 39, 59 L.Ed.2d 587, 606-07 n. 39 (1979).
The Cassidy case provides an example of the proper analysis of an equal protection challenge based on overinclusion. In Cassidy, the State sued to enjoin the defendant from installing lawn sprinkler systems using laborers who were not licensed plumbers. The supreme court was presented with a challenge to the constitutionality of a provision of the Illinois Plumbing License Law (225 ILCS 320/0.01 et seq. (West 1996)) that prohibited anyone other than a licensed plumber or licensed apprentice plumber from installing such systems. The supreme court recognized that the statute was to some extent both underinclusive and overinclusive. See Cassidy, 184 Ill.2d at 127, 234 Ill.Dec. 389, 703 N.E.2d 1. The supreme court specifically noted that its opinion was not intended to "cast any aspersions" on the quality of the work performed by the defendant's company. Cassidy, 184 Ill.2d at 127, 234 Ill.Dec. 389, 703 N.E.2d 1. The supreme court also observed that the licensing requirement would not necessarily guarantee that consumers will always receive the safest or best-built lawn sprinkler systems. Cassidy, 184 Ill.2d at 127, 234 Ill.Dec. 389, 703 N.E.2d 1. Although the licensing requirement was imperfect the supreme court held that it was constitutional because the classification had a rational basis. Cassidy, 184 Ill.2d at 127-28, 234 Ill.Dec. 389, 703 N.E.2d 1.
The provision of section 5/6-13 that disqualifies felons may suffer from similar imperfection. There may be some felons, whose criminal acts are remote in time and who have sufficiently rehabilitated themselves, *503 who are deserving of the trust that must be placed in an executor. We make no finding as to whether Charles falls into this category. On the other hand, there may be others who lack the integrity to serve as an executor, but who have never been convicted of a crime. Some might argue that the Probate Act should contain an exception to its felon disqualification provision for felons, who like Charles, in the case before us, or Luther, in the Roy case, have a felony conviction that is remote in time, or who can demonstrate rehabilitation. However, the plain language of the Probate Act contains no such exception, and this court cannot write one into the statute under the guise of statutory construction. See Midstate Siding, 204 Ill.2d at 320, 273 Ill.Dec. 816, 789 N.E.2d 1248. We believe that the "as applied" analysis used by the Roy court commits just such an error and represents an attempt to place a constitutional imprimatur on impermissible judicial legislation. Therefore, we decline to follow the unusual "as applied" equal protection analysis used in Roy.
Therefore, we conclude that section 5/6-13 is constitutional on its face. Further we conclude that an "as applied" analysis of the type used by the Roy court is unnecessary and inappropriate. Charles' status as a felon was not disputed at the trial level. The trial court was required to make no additional determinations of fact and was not required to consider any additional factors. Therefore, we reverse the trial court's order denying Ronald's motion to disqualify Charles.

CONCLUSION
For the foregoing reasons the judgment of the circuit court of Cook County is reversed. This matter is remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.
FROSSARD, P.J., and SMITH, J., concur.